UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
CARL E. WHITE and
KATHRYN A. WHITE

Chapter 7

Debtors

Case No. 05-24647

CHRISTOPHER C. NOBLE )
)
Plaintiff )
)
v. )
)
CARL E. WHITE and )
KATHRYN A. WHITE )
)
Defendants )
)

Adversary Proceeding

No. 06-2011

**APPEARANCES:**

Christopher C. Noble
Noble & Associates, LLC, 1493 Stanley Street, New Britain, CT 06053
Pro Se Plaintiff

Robert M. Singer, Esq.
Law Offices of Robert M. Singer, L.L.C., 2572 Whitney Avenue, Hamden, CT 06518
Counsel for Defendants - Debtors

### MEMORANDUM OF DECISION

KRECHEVSKY, U.S.B.J.

I.

In this matter, Christopher C. Noble ("the plaintiff") seeks a judgment of nondischargeability of a debt due him from Carl E. White ("Mr. White") and Kathryn A. White (together "the defendants") based upon Bankruptcy Code §523(a)(2)(A) (a

debt for services to extent obtained by "false pretenses, a false representation or actual fraud...." not discharged.)

The defendants filed their Chapter 7 case on October 14, 2005, and received a discharge on February 22, 2007. The plaintiff filed his complaint on January 27, 2006, and the court heard the matter on March 23, 2007.

II.

The plaintiff testified that the parties, on July 21, 1997, entered into an "Installment Payment Agreement" ("the Agreement"), whereby the debtors would pay the plaintiff for his past and future legal services by making monthly payments of $350 with any remaining outstanding balance to be paid in full on February 15, 1999. After making four such payments, the defendants failed to make further payments. At that point the defendants had no further need of the plaintiff's services. The plaintiff, after extensive litigation, eventually secured a state-court judgment, dated February 15, 2002 ("the state-court judgment") against the defendants for $10,665.25, plus costs, reasonable attorney's fees, and interest at 10% per annum from October 1, 1997.

The plaintiff contends that, in order to achieve a beneficial outcome in a then-pending legal matter, the defendants, intending from the outset to cease making payments as soon as the matter was resolved, fraudulently induced the plaintiff to enter into the Agreement and to continue representing them. The plaintiff also relies on statements contained in the state-court judgment. The defendants testified payments to the plaintiff stopped because of the illness of Mr. White and a dispute over the proper amount due the plaintiff.

2

### III.
#### A.

Under § 523(a)(2)(A), a debt may be determined nondischargeable based on fraud where the creditor proves that: (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; (5) the creditor sustained the alleged loss and damage as the proximate result of the representation[s] having been made. The level of reliance is justifiable reliance. The burden of proof on the creditor is to prove each element of the statute by a preponderance of the evidence. Further, exceptions to dischargeability are narrowly construed, an approach that implements the fresh start policy of the Bankruptcy Code. To be actionable, the debtor's conduct must involve moral turpitude or intentional wrong; mere negligence, poor business judgment or fraud implied in law (which may exist without imputation of bad faith or immorality) is insufficient.

AT&T Universal Card Services Corp. v. Williams (In re Williams), 214 B.R. 433, 435 (Bankr. D. Conn. 1997) (Internal quotation marks and citations omitted).

#### B.

Under the generally accepted standards set forth in Williams, the court concludes that the plaintiff has failed to carry his burden of proof. While his conjecture as to the intentions of the defendants may be understandable, the plaintiff's testimony remains bald speculation and the record in this proceeding provides no basis for a conclusion of nondischargeability under §523(a)(2)(A).

### IV.

Judgment will enter for the defendants that the debt due the plaintiff is discharged.

Dated at Hartford, Connecticut this 2 day of April, 2007.

ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

3